IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

———

DIMAS BARELA

        Plaintiff,

v.                                                 No. CIV 01-1354 BB/DJS

CITY OF ALBUQUERQUE, E.J.
BALAND, ROB SIMMONS, and
MATTHEW McWETHY

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court for consideration of Defendant E.J. Baland's motion for summary judgment (Doc. 68). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that Defendant's motion will be GRANTED.

### I.

### FACTS AND PROCEDURAL HISTORY

**A.**    **Procedural History**

In this action brought under 42 U.S.C. § 1983 and New Mexico state tort law, Plaintiff Dimas Barela alleges, inter alia, that he was arrested without probable cause. The complaint was originally filed in state court. Defendants later removed the case pursuant to 28 U.S.C. §§ 1441(b) and 1446(a). This opinion addresses Defendant E.J. Baland's motion for summary judgment.

**B.**     **Facts**

On December 11, 2000, members of the Albuquerque Police Department set up a sting operation at the Bow & Arrow Motel. The purpose of the sting was to arrest individuals for violating a New Mexico statute that prohibits patronizing prostitutes. As part of the operation, E.J. Baland, a female officer employed by the Albuquerque Police Department, posed as a prostitute. Her responsibilities included engaging suspects in conversation and, upon determining that she had probable cause, giving officers assigned to support her the signal to make an arrest. She was videotaped and wired for sound throughout the sting.

Plaintiff Dimas Barela and a companion were arrested by Officer Baland's team during the course of the operation. Video footage of Barela's interaction with Officer Baland was submitted to the Court by both parties. On the tape, Officer Baland can be seen approaching Barela's vehicle and, after a brief inaudible exchange between them, the following conversation can be heard:

| | |
|---|---|
| BARELA: | Do you want a date? |
| OFFICER BALAND: | Yeah. |
| BARELA: | With you? |
| OFFICER BALAND: | Yeah. |
| BARELA: | Both of us? |
| OFFICER BALAND: | For the both of you? |
| BARELA: | Yeah. |
| OFFICER BALAND: | Well, what did you want? |
| BARELA: | Sex. |
| OFFICER BALAND: | Sex, for both? |
| BARELA: | Yeah. |
| OFFICER BALAND: | Okay. How much? |
| BARELA: | I don't know. How much are you offering? |
| OFFICER BALAND: | For both of you? Fifty. |
| BARELA: | Fifty bucks? You're not police, are you? |
| OFFICER BALAND: | No. Are you? |
| BARELA: | No. Yeah, where do you want to go? |

| | |
|---|---|
| OFFICER BALAND: | I've got a room. |
| BARELA: | Do you? |
| OFFICER BALAND: | 18. |
| BARELA: | 18.  Okay.  We're going to take a cruise and come right back. |
| OFFICER BALAND: | Okay. |
| BARELA: | Alright? |
| OFFICER BALAND: | Okay. Well, 18 is the number then, okay? |
| BARELA: | Okay. |

*(Officer Baland gives arrest signal.)*

| | |
|---|---|
| OFFICER BALAND: | Okay. |
| BARELA: | What's your name? |
| OFFICER BALAND: | I'm Beth. |
| BARELA: | Beth? |
| OFFICER BALAND: | Yeah. |
| BARELA: | Are you going to be there now, or what? |
| OFFICER BALAND: | Huh? |
| BARELA: | Are you going to be right there? |
| OFFICER BALAND: | I'm going to be out here working. |
| BARELA: | Okay.  Well, we'll be back, like, in – we're just going to take a cruise and come back. |
| OFFICER BALAND: | Take a cruise? |
| BARELA: | Yeah, not a cruise, but just turn around and come back. |
| OFFICER BALAND: | Oh, okay.  All right. |
| BARELA: | Okay. |
| OFFICER BALAND: | Yeah.  Okay. |
| BARELA: | See you in a little bit. |
| OFFICER BALAND: | Okay. |

Based on Officer Baland's signal, Barela and his companion were arrested and charged with patronizing a prostitute in violation of N.M. Stat. Ann. § 30-9-3 (2002).  Barela was never tried for the offense, and he now alleges that Officer Baland violated his Fourth Amendment rights by giving the signal that led to his arrest without probable cause.  In her motion for summary judgment, Officer Baland argues that she is entitled to qualified immunity.

## II.
## STANDARD OF REVIEW

Qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Saucier v. Katz, 533 U.S. 194, 200-01 (2001). As a result, the Court analyzes motions for summary judgment based on qualified immunity differently from other summary judgment motions. Holland v. Harrington, 268 F.3d 1179, 1185 (10th Cir. 2001). While the facts are still viewed in the light most favorable to the nonmoving party, the plaintiff bears the burden of satisfying two threshold requirements. Id. First, the plaintiff must allege sufficient facts to show the defendant violated a constitutional or statutory right. Id. at 1185. Second, the plaintiff must demonstrate that the right upon which his claim is based was clearly established at the time of the defendant's allegedly unlawful conduct. Id. at 1186.

## III.
## DISCUSSION

**A.     Barela has failed to establish that his Fourth Amendment rights were violated.**

Barela's claim against Officer Baland is based on allegations that she violated his Fourth Amendment rights by giving the signal that led to his arrest. An arrest violates the Fourth Amendment prohibition on unreasonable seizures if it is made without a warrant and the police lack probable cause to believe the arrestee committed a crime. U.S. Const. amend. IV; Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001).

For an arresting officer to have probable cause, the facts and circumstances within her knowledge must be sufficient to warrant an officer of reasonable caution in the belief that an offense has been or is being committed. Romero v. Fay, 45 F.3d 1472, 1476 (10th Cir. 1996).

Determinations of probable cause turn on "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Brinegar v. United States, 338 U.S. 160, 175 (1949). The Court therefore reviews Officer Baland's probable cause determination from the point of view of a prudent, cautious, trained police officer faced with the same facts and circumstances upon which she originally based her decision to have Barela arrested. See United States v. Edwards, 242 F.3d 928, 934 (10th Cir. 2001).

Barela was arrested for knowingly offering to hire someone believed to be a prostitute to engage in a sexual act in violation of N.M. Stat. Ann. § 30-9-3 (2002). He argues that Officer Baland lacked probable cause to arrest him under this statute on the grounds that she could not reasonably have construed his words and actions as an offer to hire her for sex. In particular, he asserts that, in light of the fact that he indicated to Officer Baland that he and his companion were going to "take a cruise" and come back, probable cause would only have arisen if he actually left and returned to the Bow and Arrow Motel.

If the state of New Mexico had taken Barela's case to trial, he might have been acquitted based on this argument.[1] However, working undercover out on the street, Officer Baland was not required to successfully navigate the precarious legal analysis required to determine if an enforceable offer has been. See Hill v. California, 401 U.S. 797, 804 (1971) (holding that the

---

[1] As a matter of contract law, an offer is "the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." Restatement (Second) of Contracts § 24. Under the Restatement, an expression of willingness to enter into a bargain is not an offer where it is understood that the person will provide some further indication of assent before binding himself to the bargain. Restatement (Second) of Contracts § 26. As such, if Barela was able to show that he indicated to Officer Baland that a further indication of assent (i.e., returning to the motel) was required before his actions could legally be construed as an offer, he could have prevailed at trial.

quantity and quality of evidence required to establish probable cause is different from, and lower than, the threshold required to obtain a conviction); United States v. Diltz, 622 F.2d 476, 481 (10th Cir. 1980) (same).  Rather, the issue before the Court is whether a reasonable officer faced with the same facts and circumstances could have concurred with her conclusion that Barela offered to hire her for sex.  Edwards, 242 F.3d at 934.

At the time Officer Baland gave the signal to her arrest team to bring Barela into custody: (1) Barela had stated that he wanted her to have sex with him and his companion; (2) they had discussed the price she would charge; (3) he had asked if she was a police officer; (4) they agreed on the place they would go to complete the transaction; (5) he indicated four times that the arrangement was "okay;" and (6) his final comment to Officer Baland was that he would "[s]ee her in a little bit."  The obvious implication of the conversation was that Barela wanted to have sex with her and was willing to pay.  In addition, by asking Officer Baland if she was a police officer, Barela indicated that he knew his conduct was illegal.  As is common in the context of law enforcement, Officer Baland was forced to rapidly process this information and immediately decide whether to arrest Barela.  Under such tight time constraints, it was certainly reasonable for Officer Baland to conclude that the totality of Barela's actions amounted to an offer to hire her to engage in a sexual act in violation of N.M. Stat. Ann. § 30-9-3 (2002).

Barela further argues that it was unreasonable for Officer Baland to conclude that he intended to hire her for sex because his conversation with her was meant to be a joke.  The Court finds this argument unavailing for at least two reasons.  First, a plain reading of § 30-9-3 makes clear that culpability attaches when the offer is made.  Second, the video surveillance of Barela's interactions with Officer Baland belies his suggestion that she should have known he was speaking

6

in jest. She was therefore entitled to take Barela's statements at face value. Restatement (Second) of Contracts § 18 cmt. c ("[T]he law takes the joker at his word" absent evidence that the party allegedly deceived had reason to know of the joke.).

**B.     The law governing probable cause to arrest for offering to hire a prostitute was not clearly established at the time of Barela's arrest.**

Furthermore, even if the facts surrounding Barela's arrest did not provide Officer Baland probable cause to arrest, she would still be entitled to qualified immunity under the second prong of the two-part qualified immunity inquiry. In this case, the "salient question" under the second prong is whether the state of the law at the time of Barela's arrest gave Officer Baland fair warning that signaling the arrest team would violate his Fourth Amendment rights. Hope v. Pelzer, 122 S.Ct. 2508, 2516 (2002).

Although it has long been clear that a warrantless arrest must be supported by probable cause, Atwater, 532 U.S. at 354, even "learned and experienced jurists" have struggled to define the circumstances in which probable cause exists. Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 456 F.2d 1339, 1348 (2d Cir. 1972); see also William J. Stuntz, Warrants and Fourth Amendment Remedies, 77 Va. L. Rev. 881, 897 (1991) (noting that, by its nature, probable cause "retains an irreducible element of subjectivity, so that there will be situations where officers must simply guess at whether a judge would find the standard satisfied"). Here, Officer Baland was forced to make this inherently subjective decision without any guidance regarding what constitutes an offer to hire another for sex from the relevant statute, New Mexico case law, or decisions from other jurisdictions. In fact, what little persuasive authority exists supports her conclusion that she had probable cause to believe Barela violated the law. See

7

McNeil v. State of Maryland, 739 A.2d 80, 95 (Md. 1999) (finding probable cause to arrest for soliciting an undercover police officer to commit an act of prostitution where the defendant beckoned to the undercover officer, asked if she was working, made clear that he wanted her to engage in numerous sexual acts, and invited her into his car); Wood v. United States, 498 A.2d 1140, 1144 (D.C. Ct. App. 1985) (holding that the law does not require that "all innocent explanations for a person's actions be absent before those actions can provide probable cause for an arrest"); Savoy v. State, 202 A.2d 324, 326 (Md. 1964) (holding that the state is not required to prove that the accused appeared at an agreed location or that money exchanged hands to sustain a conviction for offering "to procure or solicit for the purpose of prostitution"); cf. People v. Smith, 378 N.E.2d 1032, 1036-37 (N.Y. 1978) (finding probable cause to arrest under statute prohibiting loitering for purposes of prostitution based on distant observation).

In addition, there is no legal authority that would have indicated to Officer Baland that a party must intend to go through with the sexual act they offer to hire a prostitute to perform.  Nor is their precedent supporting Barela's contention that rescinding an offer to hire a prostitute negates culpability under § 30-9-3.  In fact, as noted above, a plain reading of the statute suggests the opposite is true; the crime is complete at the time the offer is made.  Under such circumstances, Officer Baland could not fairly be held liable even if she was mistaken in concluding that there was probable cause to arrest.  See Barbara E. Armacost, Qualified Immunity: Ignorance Excused, 51 Vand. L. Rev. 581, 590 (1998) (arguing that officials who act in good faith under law that provides inadequate guidance are not blameworthy and are entitled to qualified immunity).

## IV.
## CONCLUSION

For the reasons set forth above, the Court finds that Defendant E.J. Baland is entitled to qualified immunity from Barela's claims against her in this case.

## **ORDER**

**WHEREFORE**,

**IT IS ORDERED** that Defendant E.J. Baland's motion for summary judgment (Doc. 68) be GRANTED.

**DATED** at Albuquerque this 8th day of January, 2003.

                                                          BRUCE D. BLACK
                                                          United States District Judge

**Attorneys:**

For Plaintiff:
    David L. Plotsky, Plotsky & Dougherty, P.C., Albuquerque, N.M.

For Defendants:
    Jeffrey L. Baker, The Baker Law Firm, Albuquerque, N.M.